# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EFRAIN PEREZ-PEREZ,<br><br>　　　　　　　Defendant. | Case No. 16-cr-1008-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION WITHOUT PREJUDICE**<br>**(ECF No. 168)** |

　　　On December 6, 2017, this Court sentenced Mr. Perez-Perez to 151 months in custody to run concurrently with his state court sentences in case numbers SDS285573 and SCD264433. (ECF No. 142.) Although Mr. Perez-Perez initially appealed this sentence, on April 16, 2018, the Court of Appeal granted his motion for voluntary dismissal of the appeal. (ECF No. 151.)

　　　On February 26, 2021, Mr. Perez-Perez wrote a letter to the Court complaining that he was not getting appropriate custody credits and requesting a reduction in his sentence. (ECF Nos. 164, 166.) Mr. Perez-Perez now files a Motion for Reconsideration under § 2255 making the same arguments. (ECF No. 168.) The Government opposes arguing only that this Court lacks jurisdiction to decide the issue. (ECF No. 170.) Mr. Perez-Perez filed an additional response in support of his motion. (ECF No. 173.) Because this Court agrees that it lacks jurisdiction to consider the issue, it denies the Motion without prejudice.

"Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000).

As the Government points out, to the extent Mr. Perez-Perez is requesting that this Court modify his sentence under § 2255, the motion is untimely. 28 U.S.C. § 2255(f) (providing defendant must bring a motion pursuant to § 2255 within one year of the date on which the judgment of conviction becomes final or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). Mr. Perez-Perez's original letters to the Court in February 2021 were filed more than one-year past the date his conviction became final. *See United States v. Lafromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (noting a conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari decided" (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987))). Mr. Perez-Perez's conviction was final on April 16, 2018, when the Court of Appeal dismissed his appeal, and his first request of the Court was more than a year later on February 26, 2021.[1]

However, largely what Mr. Perez-Perez is requesting is that he be given credit for the time he served in state custody. This is a challenge to the manner in which the Bureau of Prisons ("BOP") is carrying out the execution of his sentence. He claims that this Court's sentence, ordered to run concurrent with any sentence imposed by the state court, should allow him credit for the time in state custody. Because this is a challenge brought under § 2241, he must file his request in the district court where is being housed. According to the Government, he is currently housed at Lompoc, which is in the Central District of California.

---

[1] Moreover, considering that a motion under Section 2255 is untimely, the Court **DECLINES** to issue a certificate of appealability because jurists would not find it debatable whether the Court is correct in its procedural ruling. *See* 28 U.S.C. § 2253(c)(1)(B); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, to the extent Mr. Perez-Perez is seeking an order to the BOP to give him credit for his time in state custody, he must file that request, pursuant to 28 U.S.C. § 2241, in the U.S. District Court for the Central District of California. His Motion for Reconsideration (ECF No. 168) is **DENIED** without prejudice.[2]

**IT IS SO ORDERED.**

**DATED: October 14, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[2] Because the Court denies Mr. Perez-Perez's motion without prejudice, the Court also denies his request for appointment of counsel without prejudice. (*See* ECF No. 173.)